Eastern District of Kentucky
FILED
APR 18 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-49-JMH

GREGORY DAVIS                                                                                    PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

UNITED STATES DEPARTMENT OF JUSTICE, ET AL.                     DEFENDANTS

The plaintiff, a federal inmate confined at FCI-Gilmer in Glenville, West Virginia, has filed a complaint presumably pursuant to 42 U.S.C. §1983 and/or the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The plaintiff complains of actions that took place on and shortly after July 31, 2002. The plaintiff complains of having been shot on July 31, 2002; of subsequent medical care he received; and of his conditions of confinement after he left the hospital and was confined at the Lexington Fayette Urban County Detention Center. The plaintiff fails to set forth the dates of these alleged offenses. Consequently, this complaint is insufficiently pled.

The plaintiff's inmate account information which accompanies his application to proceed *in forma pauperis* indicates that the plaintiff's federal inmate account at FCI-Gilmer was initially created on January 2, 2004. That document also indicates that prior to his confinement at FCI-Gilmer, the plaintiff was confined in Oklahoma. The complained-of actions took place prior to the plaintiff having been confined in a federal prison. As the plaintiff has been in a federal prison since well before January 2, 2004, the complained-of actions must have taken place more than one year

1

prior to the February 8, 2005 filing of this *Bivens* and/or 42 U.S.C. §1983 action.

Federal courts look to the state statute of limitations for personal injury law for the statute of limitations in a *Bivens* claim. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). In Kentucky, §1983 actions are subject to a one-year statute of limitations found in Ky. Rev. St. §413.140(1)(a). *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

To the extent that the plaintiff has not pled the crucial facts needed for this Court to determine that it has jurisdiction over this case, the plaintiff's case is subject to dismissal pursuant to Federal Rules of Civil Procedure 8(a) and 8(e). *See Finklea v. United States*, 87 A.F.T.R.2d 2001-1501, 2001-1 USTC P 50, 302; 2001 WL 103005 (S.D. Ala., Jan. 30, 2001); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782 (N.D. Texas, Sept. 19, 2000); *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990); *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982); *Moore v. United States*, 193 F.R.D. 647 (N.D. Cal. June 29, 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)); *Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. Feb. 25, 2000); *Hedgewood v. Blanton*, 1995 WL 646217 (N.D. Ill, Nov. 2, 1995); *Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993); *Vicom, Inc. v. Harbridge Merchant Services*, 20 F.3d 771, 775 (7th Cir. 1994); *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.), *cert. denied*, 114 S.Ct. 193 (1993); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *Ellis v. Neeley*, 1995 WL 32632 (N.D. Ill. Jan. 25, 1995); *Verlan, Ltd. v. John L. Armitage & Co.*, 695 F.Supp. 955, 957 (N.D. Ill. 1988); *Clemens v. Smith, et al.*, 1997 WL 461991 (N.D. Ill, Aug. 5, 1997).

2

Consequently, the plaintiff's claims must be dismissed as having been filed outside the statute of limitations or for lack of jurisdiction because the plaintiff failed to plead when the complained-of actions transpired.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the 18th day of April, 2005.

JOSEPH M. HOOD, JUDGE

Date of Entry and Service:

3